UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G Closed Circuit Events, LLC., <br><br> Plaintiff, <br><br> v. <br><br> Fernando Zarate Flores, <br><br> Defendants. | Case No.: 3:18-cv-00378-L-RBB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS [ECF NO. 12]** |

Pending before the Court is Plaintiff G & G Closed Circuit Events, LLC.'s ("Plaintiff") motion for a attorney fees and costs. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

On February 20, 2018, plaintiff filed its complaint against defendant alleging that, on May 6, 2017, defendant unlawfully intercepted, received, and exhibited the nationwide telecast of the *Saul "Canelo" Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program* (the "Program") in violation of 47 U.S.C. §§ 605 and 553, in addition to violating the California Business and Professions Code section 17200, *et. seq.* and included a conversion cause of action. (ECF No. 1.) On April 2, 2018, the

summons was returned showing that defendant was served by substitute service pursuant to Federal Rule of Civil Procedure 4(e)(1) on March 16, 2018. (ECF No. 5.) Plaintiff requested an entry of default against defendant due to its failure to appear or otherwise respond to the summons and complaint on April 25, 2018. (ECF No. 6.) The next day, the Clerk of the Court entered default against defendant. (ECF No. 7.) On May 23, 2018, plaintiff filed the instant motion and submitted an affidavit in support of the motion on May 25, 2018. (ECF Nos. 8, 9.) On September 6, 2018, the Court granted plaintiff's motion and obtained default judgment against defendants pursuant to 47 U.S.C. § 605. (ECF No. 10, 11.) In the default judgment order, the Court awarded plaintiff $6,600 under 47 U.S.C. § 605 and ordered plaintiff to file a motion for attorney's fees and costs within 14 days of that order's entry. (*See id.*) Plaintiff then filed the instant motion pursuant to 47 U.S.C. § 605 on September 20, 2018.

## DISCUSSION

Given defendants' absence thus far in this litigation, it is not surprising that no opposition was filed. Pursuant to Civil Local Rule 7.1.f.3.c, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." However, in awarding attorneys' fees, the court is must first evaluate the reasonableness of those fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Plaintiff correctly points out its entitlement to recover reasonable attorney's fees and costs expended in this litigation under 47 U.S.C. § 605(e)(3)(iii). *See* 47 U.S.C. § 605 (e)(B)(3)(iii) (requiring a reasonable attorney's fees award to the party establishing a 47 U.S.C. § 605(a) violation upon proper motion).

The courts utilizes the lodestar calculation method—the number of hours reasonably expended on the litigation multiplied by the a reasonable hourly rate—to determine the amount of the attorney's fee award. *Hensley*, 461 U.S. at 433. The is a strong presumption favoring the reasonableness of the lodestar amount. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n. 4 (9th Cir. 2000). However, a court may adjust the lodestar figure when

various factors overcome the presumption of reasonableness. *Hensley*, 461 U.S. at 433-34; *see Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

### A. Reasonable Hours

Plaintiff submitted a declaration and accompanying billing statements itemizing the time the attorneys and legal support staff expended in this matter. *See* ECF No. 13. Plaintiff assert that the entire legal team spent 12.92 billable hours on this case: 6.97 hours by administrative staff; four (4) hours by the research attorney; and 1.95 hours by lead counsel. *Id.* at 6-9. Between May 20, 2017 and the filing of the instant motion, plaintiff's attorneys and their staff have diligently litigated this matter by serving four demand letters, serving its complaint on defendant, performing case-related research, and filing relevant requests and motions. As such, the Court finds that all the hours expended by plaintiff's counsel and their staff were reasonable.

### B. Reasonable Rate

To determine the reasonableness of hourly rates, the court looks to the prevailing market rates in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is generally the forum in which the district court sits as opposed to where counsel is located. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). "[T]he burden is on the fee applicant to produce satisfactory evidence –in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "Affidavits of the [requesting] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases" suffice as satisfactory evidence. *Id.*

Plaintiff requests hourly rates ranging from $100 per hour to $500 per hour for two administrative assistants, one independent research attorney and the requesting attorney, Thomas Riley. Although no opposition has been filed, the Court finds that each requested rate is reasonable in this district. The administrative assistants performed traditional paralegal work, such as file review, preparation and service of demand letters, pre- and

post-filing review, and public records research. Thus, the Court finds that the administrative assistant rate of $100 per hour is reasonable within this district. *See Youngevity Int'l Corp. v. Smith*, 2018 WL 2113238, at *4 (May 7, 2018) (finding a paralegal hourly rate of $125 reasonable). The unnamed independent research attorney has been practicing law for 23 years and assisting Mr. Riley's office with commercial signal piracy claims for approximately ten years. Considering the length of the working relationship between the research attorney and Mr. Riley and the niche area of legal expertise required, the Court reasons that this attorney is more akin to a partner than an associate. The research attorney's time is billed at $300 per hour. This rate is below other hourly rates approved by courts in this district. *See Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 2016 WL 1573319, at *2-3 (S.D. Cal. April 18, 2016) (finding partner rates of $425 per hour reasonable). Thomas Riley has also been practicing law for 23 years and his firm has specialized in civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors since December 1994. Mr. Riley's federal civil litigation practice rate is $500 per hour. The Court finds that this amount aligns with the range of hourly rates ($450-$750) courts in this district have found to be reasonable. *Obesity Research*, 2016 WL 1573319, at *2; *Nguyen v. HOVG, LLC*, 2015 WL 5476254, at *3 (Sept. 15, 2015); *Flowrider Surf, Ltd. V. Pac. Surf Designs, Inc.*, 2017 WL 2212029, at *3 (May 18, 2017). Accordingly, the Court finds that each requested rate is reasonable in this district.

For the above reasons, the Court awards plaintiff's counsel an award of reasonable attorney's fees in the amount of $2,872.00.

**C. Litigation Costs**

As stated in the itemized bill, plaintiff accrued $1,148. 56 in costs during this litigation. *See* ECF No. 13 at 8. Plaintiff requests the Court award recovery of full costs, including investigative expenses, pursuant to 47 U.S.C. § 605(e)(B)(iii). The statute reads, in pertinent part, that the court "shall direct the recovery of full costs . . .to an aggrieved party who prevails." In light of the lack of opposition, it is unquestioned that plaintiff was

| | |
|---|---|
| 1 | aggrieved who prevailed. *See J & J Sports Prods., Inc. v. Paz-Padilla*, 2013 WL 6002872, |
| 2 | at *1 (Nov. 12, 2013) ("[A] plaintiff who obtains a default judgment may be considered a |
| 3 | prevailing party for purposes of awarding fees and costs under [47 U.S.C.] § 605."). |
| 4 | Accordingly, the Court finds it appropriate to award recovery of full costs, including |
| 5 | investigative expenses, in this case. As such, the Court awards plaintiff full cost in the |
| 6 | amount of $1,148.56 pursuant to 47 U.S.C. § 605(e)(B)(iii). |

### CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** plaintiff's motion. The Clerk of Court shall enter judgment in favor of plaintiff, who shall recover against Fernando Zarate Flores in the amount of $4,020.56.

**IT IS SO ORDERED.**

Dated: December 10, 2018

Hon. M. James Lorenz
United States District Judge